# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COLUMBIA GAS OF PENNSYLVANIA, )
)
    Plaintiff, )
) No. 10-1131
Vs. )
)
AMERICAN INTERNATIONAL )
GROUP, et al., )
)
    Defendants.

## OPINION AND ORDER

## SYNOPSIS

In this declaratory judgment action, which was removed from the Court of Common Pleas of Beaver County on grounds of diversity jurisdiction, Plaintiff asserts claims of bad faith, and seeks insurance coverage in connection with a personal injury matter pending in Beaver County.[1] In the underlying action, Janet and David Green sued Columbia Gas, Heath Consultants, and two contractor defendants for injuries sustained as the result of a gas explosion. The insurers who are named as Defendants to the declaratory judgment matter are not parties to the underlying action. The underlying action involves cross-claims for contribution and indemnity. Columbia Gas presently avers that Heath, a policyholder of the insurer Defendants, was contractually obligated to mark utility lines in the area where a guard rail was being installed. The installing contractors punctured a gas line, and an explosion occurred at the Green's residence.

In the present action, Plaintiff Columbia Gas names as Defendants its co-defendants in the underlying action, as well as several insurers. Presently, Plaintiff avers that Heath, a

---

[1] According to the state court docket, the underlying matter, Green v. Columbia Gas of Pennsylvania, No. 10773-2008, is set for trial in March of 2011.

policyholder of the insurer Defendants, entered into an agreement with Plaintiff to procure certain coverage, indemnify Plaintiff, and include Plaintiff as an additional insured on insurance policies.

Before the Court are Plaintiff's Motion to Remand, Defendant AIG's Motion to Dismiss, and Defendant Illinois National's Motion to Dismiss. For the following reasons, the Motion to Remand will be granted, and the Defendants' Motions to Dismiss denied without prejudice.

## OPINION

Because it impacts the initial exercise of jurisdiction over this matter, I first address Plaintiff's Motion to Remand. Plaintiff argues that this Court should not exercise jurisdiction over this matter, primarily because of the pending state court litigation. The Declaratory Judgment Act provides that a court "may declare the rights. . . of any interested party." 28 U.S.C. §§ 2201. The Act "confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287, 132 L. Ed. 2d 214, 115 S. Ct. 2137 (1995). That discretion, however, is not without limits.[2] Generally speaking, there are two principles pertinent in the present context:

> First, Colorado River abstention permits a district court to decline jurisdiction where a parallel state court action is ongoing, and where "exceptional circumstances" exist. Second, under the Brillhart [/Wilton] abstention doctrine, if the parallel claims sought to be dismissed or stayed seek relief under the Declaratory Judgment Act, the district court is permitted to exercise "greater discretion" than is "permitted under the 'exceptional circumstances' test of Colorado River" in determining whether to abstain.

Hartford Life Ins. Co. v. Rosenfeld, 5-5542, 2007 U.S. Dist. LEXIS 55819, at **9-10 (D.N.J. Aug. 1, 2007).

---

[2] For example, a court does not have unfettered discretion to decline jurisdiction over a declaratory judgment action when the issues involve federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding. United States v. Commonwealth of Pennsylvania, Department of Environmental Resources, 923 F.2d 1071, 1075 (3d Cir. 1991).

The parties, and the cases to which they cite, ably outline the varying views within this Circuit regarding whether Colorado River, Brillhart/Wilton, or some hybrid approach applies to so-called "mixed" actions such as the present one -- i.e., a suit that brings both declaratory and coercive claims. Some courts have hewed to Colorado River in mixed actions, and retained jurisdiction over the entire litigation. See Hutchinson Group, Ltd. v. Am. Int'l Specialty Line, 5-1745, 2006 U.S. Dist. LEXIS 36349, at **10-12 (W.D. Pa. 2006). Others have followed a so-called "heart of the matter" or "essence of the lawsuit" approach, and found Brillhart/Wilton abstention appropriate when damages claims were clearly dependent on the declaratory relief sought. See Franklin Commons East Partnership v. Abex Corp., 997 F. Supp. 585, 592 (D.N.J. 1998); see also Leonard v. State Farm Mut. Auto. Ins. Co., 8-1451, 2009 U.S. Dist. LEXIS 87241 (W.D. Pa. Sept. 29, 2009); General Nutrition Corp. v. Charter Oak Fire Ins. Co., 2007 U.S. Dist. LEXIS 75775. Still others have endorsed an "independent claim" approach, and retained jurisdiction over a coercive claim that could have been brought without the declaratory claim, while applying discretionary standards to the declaratory portion of the complaint. Perelman v. Perelman, 688 F. Supp. 2d 367 (E.D. Pa. 2010); see also Web.com v. Federal Ins. Co., 06-1032, 2007 U.S. Dist. LEXIS 90889 (W.D. Pa. Dec. 11, 2007).[3] Our Court of Appeals has not spoken on the issue, and the appellate courts that have weighed in have taken different paths. There is no resounding majority view, and no simple compromise between the duty to exercise jurisdiction over coercive claims, and the discretion to exercise jurisdiction over declaratory claims.

Certainly, Defendants' prompts about a federal court's obligation to hear a case within its jurisdiction are well taken. In a "pure" diversity matter, divorced from any interrelated

---

[3] In Web.com, the Court did not use the term "independent claim," but took a similar approach -- although its retention of the coercive claims was, by all appearances, begrudging. It stated that its approach was rooted in its discretion under the Declaratory Judgment Act, rather than abstention principles.

3

declaratory claims, I would cleave to that obligation.[4] In a case such as this one, however, which implicates statutorily-granted discretion, other important principles are entitled to careful regard. In that vein, I agree with my sister court that "[t]o apply the Colorado River standard to actions containing both declaratory judgment and coercive claims without an analysis of the facts at hand would be to ignore the Supreme Court's specific recognition that declaratory judgment actions necessitate a different treatment than other types of cases." ITT Indus. v. Pac. Emplrs. Ins. Co., 427 F. Supp. 2d 552, 557 (E.D. Pa. 2006); see also Coltec Indus., Inc. v. Cont'l Ins. Co., No. 4-5718, 2005 U.S. Dist. LEXIS 8837 (E.D. Pa. May 11, 2005).[5] My reluctance to adopt Colorado River wholesale is buttressed by the explicit recognition that the "restrictive teachings" of that case did not "diminish[] the jurisdictional discretion contained in the Declaratory Judgment Act…." State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000). Under present circumstances, espousing Colorado River alone is not an adequate solution.

Likewise, I am mindful that courts should "promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135. As observed in a different context, piecemeal litigation "creates delay; it adds to the costs and efforts that must be expended by both the parties and the courts; and…it diminishes the coherence of the proceedings." Adapt of Phila. v. Phila. Hous. Auth., 433 F.3d 353, 364 (3d Cir. 2006). Duplicative litigation, and the potential for different outcomes in different courts, is undesirable for apparent reasons. Accordingly, the "independent claim" approach, which will often -- and likely would, in this case -- result in an

---

[4] Rather than a bright-line rule, the "unflagging obligation" is one factor that a court should consider in what is, "in the last analysis, a matter committed to the district court's discretion." Will v. Calvert Fire Insurance Co., 437 U.S. 655, 664, 98 S. Ct. 2552, 57 L. Ed. 2d 504 (1978).

[5] "[T]he statute's textual commitment to discretion, and the breadth of leeway [it suggests], distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface." Wilton, 515 U.S. at 286-87.

unsought, de facto severance or bifurcation of related claims between state and federal fora, is also unsatisfactory.[6]

I am persuaded that an approach that examines the crux of the litigation, and carefully considers the law surrounding a court's discretionary exercise of jurisdiction, best accommodates a balance between the various interests at stake. Of course, the Declaratory Judgment Act itself does not confer a federal court with jurisdiction; thus, every declaratory judgment action to which discretion attaches is likewise supported by an independent basis for federal jurisdiction. The Act itself, therefore, inherently contemplates that a court will have discretion whether to exercise jurisdiction over a dispute between parties of diverse citizenship, if the dispute is declaratory in nature. Given the administrative, jurisprudential, and other concerns expressed supra, it is fundamentally reasonable to pull a dependent coercive claim within the ambit of the discretion afforded its declaratory counterpart. "It would be the tail wagging the dog if the presence of a subordinate claim were sufficient to require a federal court to hear primary claims that it has determined are better resolved elsewhere." Franklin Commons East P'ship v. Abex Corp., 997 F. Supp. 585, 592 (D.N.J. 1998).

Defendants contend that the heart of this matter is not declaratory, because, as they correctly state, a claim for bad faith is separate and distinct from the underlying contract claim; it is not per se required that a plaintiff prevail on the underlying claim before pursuing one for bad faith. Pennsylvania's bad faith statute, however, affords relief "[i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith towards the insured…."

---

[6] In this case, neither party desires a partial jurisdiction scenario, and severance might be inappropriate were I to retain jurisdiction over the entire action. See, e.g., Frederick & Emily's, Inc. v. Westfield Group, No. 3-6589, 2004 U.S. Dist. LEXIS 17274 (E.D. Pa. Aug, 25, 2004) (considering motion to sever bad faith and coverage claims pursuant to Fed. R. Civ. P. 21, and stating that "severing and staying the § 8371 claim would obligate [the insured] to fund and prosecute two largely overlapping discovery efforts and trials. This would be the opposite of 'expeditious resolution of the litigation.'"). Essentially severing the action between different courts would seem particularly anathema to the goals of conserving judicial and party resources, and other administrative goals.

42 Pa.C.S.A. § 8371. Whether alleged bad faith rests on claims handling, denial of coverage, or some other act or omission, bad faith thus presupposes an insurer/insured relationship. "Pennsylvania law makes clear that the insurer's duty to act in good faith belongs to those persons who qualify as 'insureds' under the policy." Seasor v. Liberty Mut. Ins. Co., 941 F. Supp. 488 (E.D. Pa. 1996); see also Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 530 (3d Cir. 1997).

With these principles in mind, the claims are not distinct and separate in this case. The declaratory action involves, inter alia, Plaintiff's ability to maintain a bad faith claim in the first instance -- i.e., whether Plaintiff is an "insured" under Defendants' policies. In turn, whether Plaintiff is an "insured" rests, in part, on the nature and extent of its liability in the underlying action. It would run directly counter to considerations of practicality and wise judicial administration to splinter this litigation -- with its layers of interdependent claims and facts -- based exclusively on formalistic principle, and without binding precedent mandating that result. Instead, remand of the action in its entirety "will promote the efficient resolution of both the declaratory judgment action and the underlying action, thereby conserving judicial resources as well as those of the parties." Cf. Summy, 234 F.3d at 136.

Moreover, standards generally applicable under the Declaratory Judgment Act support remand of the entire action. Discretion afforded by the Act is to be exercised with "consideration[] of practicality and wise judicial administration." Id. at 136 (quoting Wilton). Consistent with this principle, in a declaratory matter, "[t]he central question is whether the controversy may 'better be settled' in the state court …." United States v. Pennsylvania Dep't of Envtl. Res., 923 F.2d 1071, 1075 (3d Cir. 1991). With respect to considering whether to exercise jurisdiction, I should consider the likelihood that a federal court declaration will resolve

6

the uncertainty of obligation which gave rise to the controversy; the convenience of the parties; the public interest in settlement of the uncertainty of the obligation; and the availability and relative convenience of other remedies. NIC Ins. Co. v. PJP Consulting, LLC, No. 9-877, 2010 U.S. Dist. LEXIS 113207, at \*\*6-7 (E.D. Pa. Oct. 22, 2010). With respect to declaratory insurance coverage questions in particular, I am to consider a general policy of restraint when the same issues are pending in a state court; an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and avoidance of duplicative litigation. Summy, 234 F.3d at 134.

In this case, a careful review of the pleadings, motions, and pertinent case law persuades me that the Beaver County Court of Common Pleas "is in a much better position to apply settled principles of coverage law to an insurance policy that potentially provides coverage for a case that has been litigated on its docket." Web.com, 2007 U.S. Dist. LEXIS 90889, at \*12. The underlying action does not require the state court to construct or interpret the insurance policies; the federal and state cases are not the same. Although many courts use the phrase "parallel action," strict identity of actions is not required in this context. NIC Ins. Co., 2010 U.S. Dist. LEXIS 113207, at \*19 (collecting cases). Here, as mentioned supra, the underlying liability issues are factually related to coverage questions.[7] As Defendants presently contend, "[t]he facts actually found by the jury may not bring the claim within coverage or may implicate an exclusion." Therefore, a declaration in this Court would not resolve all of the attendant uncertainties. The insurer's obligations, and whether those obligations were breached, involve

---

[7] For example, both this action and the underlying action implicate the relationship between and conduct of Columbia Gas, Heath, and the excavating contractors. The relationship between Heath and Columbia Gas rests on a General Services Agreement, which is relevant to liability and insurance coverage. The parties defending the underlying action have filed cross-claims for contribution and indemnity in that action. Moreover, the state court is familiar with the nature and extent of the evidence in the underlying action, which is relevant to the several aspects of Plaintiff's claims regarding excess coverage, and Defendants' challenges thereto.

only settled state law issues, present no federal interest or question, depend at least partially on the outcome of the underlying litigation, and can be adjudicated by the same judge considering the underlying action.

Relatedly, a determination of coverage would necessarily affect, and possibly interfere with, the underlying action. Although Defendants are not parties to the underlying action, they assert that they have been involved in the defense of that action, which has proceeded through summary judgment and for which a trial date is set. Accordingly, the state court is undoubtedly familiar with their participation and attendant issues. In addition, Defendants present absolutely no reason that the Beaver County Court is unable to render a declaration of coverage, or that such a remedy is inconvenient. As directed by Summy, I also take note of the inherent conflict between the insurer's duty to defend the underlying action, and its position in defense of the present action. While some of the pertinent factors weigh only nominally in favor of declining jurisdiction, the overall picture is one in which "the prospects for coordinated management and alleviation of abrasion are greater when the litigation is handled under one jurisdictional roof." Summy, 234 F. 3d at 136. "When all is said and done…'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.'" Wilton, 515 U.S. at 287. I have examined the present declaratory claims under applicable standards, and consider the coercive claims through a stringent perspective of those standards. Taken as a whole, the pertinent analyses and underlying principles strongly favor remand of these particular "part and parcel" declaratory claims and their coercive corollaries.

As a final matter, I take note that several courts within this Circuit have declined to hear declaratory coverage matters between insureds and insurers, even if accompanied by a coercive

8

claim, when the insured's personal injury case was pending in state court. E.g., Pepper Construction Co. of Indiana, LLC v. Travelers Indemn. Co. of Conn., 10-436 (W.D. Pa. Aug. 10, 2010) (unpublished); Burks v. Renre N. Am., Inc., 9-5595, 2010 U.S. Dist. LEXIS 33342 (D.N.J. Apr. 1, 2010); Evanston Ins. Co. v. Leisure Props., 8-5433, 2009 U.S. Dist. LEXIS 20677 (D.N.J. Mar. 16, 2009); Williams v. State Auto Prop. & Cas. Ins. Co., 8-4983, 2009 U.S. Dist. LEXIS 35511 (E.D. Pa. Apr. 24, 2009); Sunbelt Rentals, Inc. v. Scottsdale Ins. Co., 9-2403, 2009 U.S. Dist. LEXIS 55405 (D.N.J. June 29, 2009); General Nutrition Corp. v. The Charter Oak Fire Ins. Co., 7-262, 2007 U.S. Dist. LEXIS 75775 (October 10, 2007). While arising in varying factual and procedural contexts, all of these cases reflect the notion that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Id. at 136.

## CONCLUSION

A federal court entertaining a motion to remand a "mixed" Complaint such as the one at bar is asked, essentially, to prioritize either its obligation to exercise jurisdiction over diversity suits or its discretion granted by the Declaratory Judgment Act. In this particular case, after careful consideration of extant approaches, I conclude that a third option, though perhaps imperfect, best serves the various important interests and obligations at stake. Having analyzed the Complaint, I find that the entire litigation should be remanded to the state court in which it was filed, and where the underlying litigation is pending. Because I decline to exercise jurisdiction over Plaintiff's Complaint, I do not reach Defendants' challenges thereto, and will deny their Motions without prejudice. An appropriate Order follows.

**ORDER OF COURT**

AND NOW, this ____ day of January, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Remand (Docket No. [9]) is GRANTED, and this matter is hereby remanded to the Court of Common Pleas of Beaver County, Pennsylvania, for further proceedings. Defendants' Motions to Dismiss (Docket Nos. [5] and [7]) are DENIED, without prejudice to Defendants to reassert their challenges in state court. The clerk shall mark this matter administratively closed, forthwith.

BY THE COURT

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court